## FRED BOSWELL v. STATE.

No. A-5920.   Opinion Filed Aug. 18, 1927.
(258 Pac. 1074.)

Huggins & Huser, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   Appellant was convicted on a charge of unlawfully transporting one gallon of alcohol from the W. B. drug store in Slick City to another point in Hughes county, about three-quarters of a mile east of Slick City, and in accordance with the verdict of the jury was sentenced to pay a fine of $100 and confinement in the county jail for 30 days.

The errors assigned are, in substance, that the verdict is contrary to the law and the evidence; that the court erred in admitting evidence obtained by an illegal search and seizure; and that the court erred in excluding competent evidence offered by appellant.

The state relied for this conviction upon the testimony of L. C. Stockton, to the effect that he drove up to appellant, who was driving east in a car from Slick City, and stopped him and asked him what he had in the car, and appellant said it was alcohol; that he found a gallon can of alcohol in the car; that he did not have a search warrant or warrant for the arrest of appellant. He was then asked if three-quarters of a mile east of Slick City was in Okfuskee county and failed to answer.

On redirect, he stated that the place he arrested appellant was not east of Slick City; that appellant was driving along the section line, and most of the time his car was on the Hughes county line.

The testimony of this witness was admitted against the objections of appellant that the same was obtained by an illegal search and seizure.

At the close of the evidence for the state, counsel for appellant moved the court to instruct the jury to find him not guilty, on the further ground that the proof showed that the offense, if any, was committed in Okfuskee county, which motion was overruled.

Appellant testified that he was employed by the W. B. pharmacy in Slick City, now called Papoose; that the proprietor was a registered pharmacist. The county attorney objected to any testimony as to what appellant was doing "as having nothing to do with the case," which objection was sustained.

Counsel for appellant thereupon offered to show, if permitted to testify, "that he was employed by a regularly registered pharmacist conducting the W. B. pharmacy in

the city of Papoose, Okfuskee county, that on this day said registered pharmacist also owned the W. B. pharmacy No. 2 in Okfuskee county, and directed appellant, as his employee, to deliver this gallon of alcohol to W. B. pharmacy No. 2 for the purpose of using the same in his business according to the laws of the state of Oklahoma." The court overruled the offer.

The testimony further shows that both of the W. B. pharmacies, Nos. 1 and 2, are in Okfuskee county.

Sustaining the state's objection was error. However, we deem it sufficient to say that on the undisputed facts the testimony of the state's witness was illegally obtained and improperly received.

The judgment of the lower court is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.